UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH D. DUNCAN,

     Plaintiff,

v.

             Case No. 12-12510.
BANK OF AMERICA, N.A.     Hon. Bernard A. Friedman
LASALLE BANK MIDWEST, N.A.,  Magistrate Judge Mark A. Randon
ABN AMRO MORTGAGE GROUP,
INC., MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS,

      Defendants.

_____/

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANTS' MOTION TO DISMISS (DKT. NO. 3)**

**I.  INTRODUCTION**

   This is a consumer lending action.  Plaintiff Keith Duncan seeks to rescind Bank of

America's foreclosure of his condominium in Detroit, Michigan (the "Property").  Judge Bernard

A. Friedman referred the case to this Magistrate Judge for all pretrial proceedings (Dkt. No. 4).

   Defendants Bank of America ("BOA") and Mortgage Electronic Registration Systems'

("MERS") motion to dismiss is pending (Dkt. No. 3).  Plaintiff responded to the motion (Dkt.

No. 5); oral argument was held on August 28, 2012.  For the reasons indicated below, **IT IS**

**RECOMMENDED** that Defendant's motion to dismiss be **GRANTED** and Plaintiff's lawsuit

dismissed.[1]

_____

[1] Plaintiff's claims against LaSalle Bank and ABN Amro should also be dismissed.  BOA
purchased (and merged with) LaSalle Bank from ABN Amro on October 1, 2007. *See, for
example*, www. bizjournal.com/columbus/stories/2007/10/01/daily1.html.  BOA's arguments for
dismissal are equally applicable to ABN Amro.  Further, as discussed below, because ABN
Amro was the original lender, Plaintiff's RESPA claims are time-barred. *See* § 3(F) below.

## II.  FACTS

On February 8, 2006, Plaintiff signed a mortgage[2] and note in favor of ABN Amro

Mortgage Group, Inc. ("ABN Amro") to secure a $158,600 loan used to purchase the Property

(Dkt. No. 3, Ex. 1, Note and Ex. 2, Mortgage).[3]  ABN Amro assigned the mortgage to LaSalle

Bank Midwest, N.A.("LaSalle"); the assignment was recorded on September 7, 2007.  BOA is

the successor by merger to LaSalle.

Unable to make payments as they became due, Plaintiff defaulted on the loan.  BOA

initiated foreclosure by advertisement proceedings, and a Sheriff's sale was held on December 1,

2011.  The statutory redemption period expired six months later on June 1, 2012.  Inexplicably,

Plaintiff waited more than five months post Sheriff's sale – and just 24 days before the expiration

of the redemption period – to file suit (Dkt. No. 1, Ex. 1, Complt.). At no time did Plaintiff seek

to stay the Sheriff's sale or to redeem the property.

Plaintiff's *pro se* Complaint alleges multiple unspecified claims. Viewing the Complaint

liberally, this Magistrate Judge construes it to include: (a) violations of the Uniform Commercial

Code (Dkt. No. 1, Complt. ¶¶ 3-6); (b) fraud (*Id.* at ¶¶ 9-10, 16, 18, 19, 21); (c) criminal law

violations (i.e., criminal fraud, money laundering and tax violations (*Id.* at ¶¶ 10-13); (d)

violations of the Real Estate Settlement Procedures Act ("RESPA") (*Id.* at ¶ 14); (e) inability of a

mortgage servicer to foreclose (*Id.* at ¶22); and (f) violations of the Fair Debt Collections

---

[2] Plaintiff's wife, Celeste Duncan, also signed the mortgage but did not sign the note.

[3] The mortgage, assignment and Sheriff's deed are also attached as exhibits to Plaintiff's
Complaint (Dkt. No. 1-2).

2

Practices Act ("FDCPA").  As discussed below, Plaintiff lacks standing to proceed on these claims and, in any event, fails to state a claim upon which relief can be granted.

### III.  ANALYSIS

**A.  Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  As the Supreme Court has recently made clear, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim for relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (holding that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

A court may consider a document that is not formally incorporated by reference or attached to a complaint if the document is referred to in the complaint and is central to the plaintiff's claim. *See Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999). The Court's consideration of such documents does not require conversion of the motion to one for summary judgment. *Id*.  In an action challenging a mortgage foreclosure or a failure to make required loan disclosures, this consideration may include documents "exchanged between plaintiff ... [and his] mortgage lender at the time of the transaction at issue." *Marshall–Ford v. Wells Fargo Mortgage*, No. 08–15277, 2009 WL 2849524, at * 1, n. 3 (E.D.Mich. Aug.31, 2009).  A court may also consider "matters of public record" when considering a motion to dismiss under Rule 12(b)(6). *See Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir.2001).

3

Complaints drafted by *pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers and will be liberally construed in determining whether the complaint fails to state a claim upon which relief could be granted. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir.1991).  However, courts may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir.1999), nor may courts construct a plaintiff's legal arguments for him. *See Small v. Endicott*, 998 F.2d 411 (7th Cir.1993).  A court's duty to liberally construe a *pro se* complaint "does not require [the court] to conjure up unpled allegations, or to create a claim for a plaintiff.  To command otherwise would require the Court 'to explore exhaustively all potential claims of a pro se plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Armstead v. Bush*, No. 305CV274H, 2005 WL 1503556, at *2 (W.D.Ky. Jun.23, 2005) (internal citations and quotation marks omitted); accord *Watson v. United Bank and Trust*, No. 12–10040, 2012 WL 1606057 (E.D.Mich. April 10, 2012) adopted by 2012 WL 1606073 (E.D.Mich. May 08, 2012).

## B.  Plaintiff Lacks Standing to Challenge the Foreclosure

At the outset, it should be noted that Plaintiff's claims fail because—once the redemption period following foreclosure of the Property has expired— his rights in and title to the property were extinguished.  At that point, Plaintiff lost standing to assert claims with respect to the Property.  Indeed, in *Piotrowski v. State Land Office Board*, 302 Mich. 179, 4 N.W.2d 514

4

(1942), the Michigan Supreme Court held that the mortgagors: (1) had "lost all their right, title, and interest in and to the property at the expiration of their right of redemption;" and (2) could not assert the right of parties "having an interest in the land" to meet the highest bid at the scavenger sale. *Id.* at 185, 4 N.W.2d 514. The standard under *Piotrowski* has been applied by Michigan courts—and by federal courts applying Michigan law—to bar former owners from making any claims with respect to foreclosed property after the end of the redemption period. *See Stein v. U.S. Bancorp*, No. 10-14026, 2011 WL 740537 (E.D.Mich. Feb. 24, 2011); *Overton v. Mortg. Elec. Registration Sys.*, Docket No. 284950, 2009 WL 1507342 (Mich.App. May 28, 2009) (dismissing former owner's claim of fraud where redemption period expired *one month after litigation was initiated*); *see also, e.g., Moriarty v. BNC Mortg., Inc.*, No. 10–13860, 2010 WL 5173830 (E.D.Mich. Dec. 15, 2010) (dismissing action for declaratory judgment voiding foreclosure proceedings). Thus, Plaintiff lacks standing to bring the claims asserted in this suit. Beyond this threshold issue of standing[4], other reasons preclude Plaintiff's claims.

## C.  Plaintiff's Complaint Fails to make any Allegations Against MERS

Plaintiff's Complaint fails to make any connection between his mortgage and Defendant MERS.  To the contrary, exhibits attached to Plaintiff's Complaint establish that MERS was not involved with the original mortgage and was neither an assignee of the mortgage nor the foreclosing party.  As such, MERS should be dismissed.

---

[4] This Magistrate Judge recognizes that some courts have suggested that dismissal in this context "is best viewed as a merits decision, not a standing case." *See for example Langley v. Chase Home Finance, LLC*, No. 10-604, 2011 WL 1130926 at n. 2 (W.D. Mich. Mar. 28, 2011). However, as Defendants correctly point out, whether viewed as a standing or merits decision, Plaintiff's claims fail because he has alleged no basis to upset the foreclosure. *Brezzell v. Bank of Am., N.A.*, No. 11-11467, 2011 WL 2682973, *4 n. 3 (E.D. Mich. July 11, 2011).

**D.  UCC Claims are Inapplicable to a Mortgage on Real Property**

While Plaintiff's UCC allegations are unclear, the UCC is inapplicable to a mortgage on real property because it is not a negotiable instrument. *See Howze v. New Century Mortgage Corp.*, No. 08–13458, 2008 WL 5110521, at *1 n. 1 (E.D.Mich. Dec, 2, 2008) (citing *Mox v. Jordan*, 186 Mich.App. 42, 46, 463 N.W.2d 114, 115 (1990)); *Hilmon v. Mortgage Electronic Registration Systems, Inc.*, No. 06–13055, 2007 WL 1218718, at *3 (E.D.Mich. Apr. 23, 2007) (finding that nothing in Michigan's foreclosure statute requires a named mortgagee to be a holder in due course of the note).  Thus, Plaintiff's claims alleging a violation of the UCC should be dismissed.

**E.  Plaintiff's Fraud claims are Insufficiently Pled**

In order to plead fraud, a plaintiff must state the circumstances with particularity.  At a minimum, a plaintiff must allege the "time, place and content of the alleged misrepresentation on which [they] relied; the fraudulent scheme, the fraudulent intent of the defendants; and the injury resulting from the fraud." *Coffey v. Foamex L.P.*, 2.F.3d 157, 161 (6th Cir.1993).

Under Michigan law, to sustain an action for common law fraud Plaintiff must plead and prove that: (1) there was a false and material representation by the defendants; (2) the defendants knew that it was false when the representation was made or that the representation was made recklessly without any knowledge of its truth and as a positive assertion; (3) the defendants made it with the intention that Plaintiff would rely on it; (4) Plaintiff acted upon it; and (5) Plaintiff thereby suffered injury for which he is suing. *See Bergen v. Baker*, 264 Mich.App. 376, 382, 691 N.W.2d 770 (2004).

6

Because Plaintiff's Complaint fails to meet the minimum pleading standards with required to state a fraud claim, these claims should also be dismissed.

**F.  Plaintiff's RESPA Claims are Time–Barred**

RESPA requires lenders to disclose all settlement costs, practices and relationships, and also prohibits "kickbacks" and the receipt of unearned fees between lenders and third-party settlement service agents. *See* 12 U.S.C. § 2607(a).  RESPA claims are subject to a one-year statute of limitations, which begins to run "from the date of the occurrence of the violation." *Egerer v. Woodland Realty, Inc.*, 556 F.3d 415, 421 n. 7 (6th Cir. 2009) (the "occurrence of the violation" is the date "plaintiffs completed the sale of their home" ( i.e., the closing date)). Under certain limited circumstances, the one-year statute of limitations for RESPA claims are subject to equitable tolling:

> In order to establish equitable tolling by the doctrine of fraudulent concealment, [Plaintiff] must allege and establish that: 1) [Defendant(s) ] concealed the conduct that constitutes the cause of action; 2) [Defendants'] concealment prevented [Plaintiff] from discovering the cause of action within the limitations period; and 3) until discovery, [Plaintiff] exercised due diligence in trying to find out about the cause of action.

*Id.* at 422 (citations omitted).

Plaintiff closed on the mortgage for the Property on February 8, 2006.  This lawsuit was not filed until more than six years later—on May 7, 2012 (Dkt. No. 1-2).  Other than to suggest, in a conclusory manner, that he is entitled to relief, Plaintiff des not allege any facts to support an equitable tolling of the statute of limitations in this case.  As such, equitable tolling is not warranted, and Plaintiff's RESPA claims are barred by the one-year statute of limitations period.

7

**G.  Plaintiff's FDCPA Claims are Inapplicable**

Plaintiff's FDCPA Complaint allegations appear directed to collection efforts undertaken by lawyers (Dkt. No. 1; Complt. ¶ 23).  But, Plaintiff has not named a lawyer or law firm as a Defendant.  Even if he had, or could connect a lawyer's foreclosure filings to Defendants, Plaintiff's FDCPA claims would still fail.

The FDCPA defines a debt collector as: "[a]ny person who uses any instrumentality of interstate commerce or the mails in any business the principle of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).  In several decisions, judges in the Eastern District of Michigan have held that "[a]ttorneys who merely represent creditors and do not send demand letters to debtors do not act as 'debt collectors' under the FDCPA." *Waller v. Life Bank*, No. 07-13300, 2007 WL 3104917 *2 (E.D.Mich. Oct. 22, 2007) (Duggan, J.); *Williams v. Trott*, 822 F.Supp. 1266, 1268–69 (E.D.Mich.1993) (Edmunds, J.); *TerMarsch v. Fabrizio & Brook, P.C.*, No. 06-12514, 2006 WL 3313744 (E.D.Mich. Nov. 15, 2006) (Duggan, J.); McCall v. GMAC Mort. Corp., No. 07-10198, 2007 WL 1201535 (E.D.Mich. April 6, 2007) (Feikens, J.); *Mabry v. Ameriquest Mort. Co.*, No. 09-12154, 2010 WL 1052353 (E.D.Mich. Feb. 24, 2010) (Whalen, M.J.).  Moreover, the general rule is that a creditor (i.e. BOA) is not a debt collector under the FDCPA.  *See MacDermid v. Discover Fin. Servs*., 488 F.3d 721, 734-35 (6th Cir. 2007).  Therefore, Plaintiff has failed to state a claim for violation of the FDCPA.

Plaintiff's two remaining claims: that Defendants violated certain criminal laws and that a loan servicer cannot conduct a mortgage foreclosure are similarly without merit.  Plaintiff lacks

8

standing to pursue these alleged criminal law violations, and a servicing agent of the mortgage *can* foreclose by advertisement. *See* Mich. Comp. Laws § 600.3204(1)(d).

## IV. CONCLUSION

For the reasons indicated above, **IT IS RECOMMENDED** that Defendants' motion to dismiss (Dkt. No. 3) be **GRANTED**, and that Plaintiff's entire case be **DISMISSED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *See Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

s/Mark A. Randon_____
MARK A. RANDON
UNITED STATES MAGISTRATE JUDGE

Dated:  October 15, 2012

<u>Certificate of Service</u>

I hereby certify that a copy of the foregoing document was served on the parties of record on this date, October 15, 2012, by electronic and/or first class U.S. mail.

<u>s/Melody R. Miles</u>
Case Manager to Magistrate Judge Mark A. Randon